We'll hear argument first this morning in Case 09-737, Ortiz v. Jordan. Mr. Mills? Mr. Chief Justice, and may it please the Court, denial of summary judgment is not reviewable on appeal after trial, especially where the decision depends on whether the evidence on the merits of the claim is sufficient to cross the legal line for liability. In this case— I'm sorry to interrupt so quickly, but that especially—I take it as a concession that there is a difference between claims for qualified immunity based on evidence and claims that are based on law. Well, there's a difference between defenses that depend on the evidence at trial. What I would say about qualified immunity is that to the extent any court of appeals is going to enter judgment based on qualified immunity, it needs to understand the conduct of the officials in the case. And so you're always talking about the evidence of that conduct. Well, of course, there's always a — there are always facts. They're often disputed facts. But suppose the issue is whether or not this right, and maybe there are two rights here, but this right was clearly established. That's an issue of law. That is an issue of law, Your Honor. And doesn't that fall within the except clause that the Chief Justice was talking to you about, which you haven't had much time to fill out, I understand. But if you're going to say — and it's really not whether the summary judgment is appealable. That's a little bit misleading. It's whether or not the issues resolved by the summary judgment motion are appealable. And I read into your response or implied from your response what the Chief Justice said, that maybe sometimes the summary judgment motion, say on an issue of law, is sufficient to preserve the issue. Well, and that gets to what I think is the heart of the split in the circuits and the confusion, is that every circuit recognizes a very general rule that where the evidence at trial moots that as summary judgment, we're not going to review the summary judgment decision. Now, a number of courts said, well, wait a second. There are summary judgment issues that don't depend on the evidence. And those are typically called questions of law. And Respondents point to a number of good examples in their brief of defenses such as statute of limitations, preemption, and the like, that indeed very often don't depend at all on the evidence at trial. The difference with qualified immunity is that qualified immunity requires the court to look at the evidence of the claim itself. Now, statute of limitations, for example, is actually quite different, because in statute of limitations, let's suppose Michelle Ortiz filed her suit 20 years late. It would not matter at all how much evidence she adduced of the Respondent's misconduct. It would be barred by statute of limitations. Ginsburg. So, Mr. Mills, what then is the difference? You point out quite rightly, summary judgment looks to what evidence there was, and the question for the Court is what could the plaintiff prove? When we get past trial, the issue becomes what has the plaintiff proved? So what was brought out at trial? What was the record at trial? That was larger than the record at summary judgment, because if there was no new fact presentation, no more ample fact presentation, then it wouldn't matter. It would be the same body of evidence, right? Well, I think that's largely right, Justice Ginsburg. And here's an example of what did change in this case. At the summary judgment stage, what we had were affidavits of the Respondents discussing their role in relation to this case, with no comment whatsoever about what the consequences would have been had Ms. Jordan immediately reported the first sexual assault. The record was bared, summary judgment, from Respondent's perspective on that point. At trial, under cross-examination, Ms. Bright testified that Respondent Jordan indeed violated prison policy by not reporting it, and then, very crucially, also agreed that the second, more violent assault would have actually been precluded had that report taken place. Now, that's the case. Alito, this gets to what troubles me about this case. Although the Sixth Circuit referred to summary judgment in its opinion, it seems to me the Sixth Circuit actually reviewed the evidence at trial and determined that the defendants were entitled to judgment as a matter of law based on the evidence at trial. So I don't know why this case actually presents the question on which cert was granted. It seems to me it presents a question of what a purely factual question in the end, whether there was – whether judgment as a matter of law was appropriate. And you never raised the judgment as a matter of law. You never raised in the court of appeals, as I understand it, the argument that the defendant's ability to object to the entry of judgment as a matter of law was waived because they never filed a Rule 50b motion. Isn't that right? Well, there's a couple points in there that I need to address. First, I think that you're exactly right. What the Sixth Circuit did here is it reviewed a summary judgment decision. But it did peek ahead to the trial evidence, and it said it was doing that. I think that highlights the fundamental problem of reviewing summary judgment after the trial. The Sixth Circuit is implicitly recognizing it would be illogical to look at that summary judgment record, those affidavits, and then ignore this cross-examined testimony. Alito, suppose we were to hold that they couldn't review the denial of summary judgment. The case is remanded to them, and they say, okay, well, we made a slip of the pen when we referred to summary judgment in the prior decision. We really were saying that the defendants were entitled to judgment as a matter of law. And although there wasn't a Rule 50b motion, that was waived because it wasn't raised on appeal. So we are we come back to exactly where we are now. All we've done is to correct a slip of the pen, what was arguably a slip of the pen. Perhaps motivated by their belief that the Rule 50b issue is jurisdictional. But it really is not under our cases distinguishing between jurisdictional questions and claims processing questions. And I agree with that last point. But here's the problem, and here's why it isn't just simply a slip of the pen that can be fixed by remanding. Even if this was not summary judgment whatsoever, and it was, as Respondents say, essentially a Rule 50a review, that conflicts with an entire line of this Court's decisions leading into Unitherm, which makes clear that the Court of Appeals absolutely lacks the power to review the sufficiency of the evidence where that question wasn't ruled upon by the district court. And so the Court of Appeals here, regardless of any sort of forfeiture argument, absolutely lacked the power to consider it. The additional point about your case. Scalia. But that's not the point that you've made here. I mean, and that isn't the point on which we granted certiorari. That's right. And I think what I just said about the 50b point is that I think it highlights that this really was a summary judgment review by the Sixth Circuit. Now, what Mr. Millicent, if I could just understand your answer to Justice Alito. You concede that the Sixth Circuit opinion is using the record built on the whole trial and that that's a different record from the record that existed at summary judgment. Is that correct? I do concede it, except to the extent that I concede they did an adequate review of the record. But I concede that point. For the example, for example. So they have that first paragraph where they suggest that they're ruling on a summary judgment motion. Then they go through an entire opinion that talks about the facts and the record. And there are very few citations. But your understanding is that when they talk about the facts and the records, they're talking about the post-trial. I mean, the record that's been built up as a result of the trial. There are certainly a number of instances where they definitely are talking about the trial. I do think it is even muddy the extent to which they are incorporating trial facts versus summary judgment facts. The example I gave about this point where Mrs. Bright conceded on cross that Ms. Ortiz indeed would have been separated and the assault, second assault precluded, it's one of two things. Either the Sixth Circuit's reviewing summary judgment and picking a couple of trial facts it thinks helps to review and missing the facts, or it's doing, it's looking ahead at these trial facts and because, particularly because the district court never weighed in on that, on a Rule 50B, it's botching the record. And it goes to the heart of this Court's cases from Cone v. West Virginia, pulp and paper in 1947, up through Unitherm, which says we have to have the district court review the sufficiency of the evidence before the court of appeals could even have the power to possibly. Sotomayor That answer is not addressing Justice Alito's point, which he said a Rule 50 motion is not jurisdictional. You are, in essence, claiming it is. You're saying they lack the power, but Justice Alito's question to you said they don't, that they've misread the fact that this is not a jurisdictional motion. So address that question. Why is it jurisdictional as opposed to a claim processing? Your Honor, I'm not disputing that the Sixth Circuit had jurisdiction to consider the case, but I am making a distinction among jurisdiction and power, and it's the same distinction, actually, the Tenth Circuit employed in a case called Williams v. Gontherman, which is cited in our reply brief, I think it's at page 10. This exact issue came up, where the verdict loser said, wait a second, this issue has been forfeited. The Tenth Circuit, reading Unitherm, reading the debate between the majority and the dissenters who said plain error and those doctrines should apply, said we lack the power to review this. We have jurisdiction, but we lack the power to consider this case. Sotomayor's Claim Processing Rules, we have said that unless you object, the Court doesn't lack power. Since you didn't object below to an argument that Rule 50b precluded consideration by the court of appeals, why wasn't that argument waived before the Court? It's not waived because while the general principle is that claims processing rules are indeed subject to waiver and forfeiture, this particular context, as this Court has made clear, that the word power is not an accidental use, it's been used in all of these cases. Ginsburg. Why is it — I mean, power — jurisdiction is power, power to proceed in a case. But we are in an area where there are many, many cases of this Court that distinguish the Rule 50a, 50b from the run-of-the-mind claim processing rule, because in the background is the Seventh Amendment reexamination clause. That's the whole reason why there is this 50a, 50b litany, why the verdict loser must repeat the 50a motion after the verdict. So I'm surprised that you're using the word power. You're not referring to any of that history which stems from a constitutional provision, the Seventh Amendment. Well, Justice Ginsburg, you're absolutely correct, and I think that footnote 4 of Unitherm goes right to your point. In footnote 4 of Unitherm, the Court explains that the very reason a court of appeals lacks the power, lacks the power to review that question, is because it is essentially, as in Unitherm, going to be as a court of appeals reviewing the conduct, the sufficiency of the evidence, without a district court ruling on the question. And this Court said in Unitherm that that raises serious Seventh Amendment concerns. This case is actually a very good example. Alito, I got you started on this, but none of this is the question on which we grant a review. We didn't grant a review to decide whether a court of appeals can consider judgment as a matter of law where there isn't a 50b motion and no argument is made that the issue was waived by failing to make the motion. We didn't grant a review on that. And, Justice Alito, that highlights another important point about this exchange, and that is that Respondents in the Sixth Circuit did not suggest that the Sixth Circuit did have the authority to take the summary judgment question and then look ahead to trial facts. And so the Sixth Circuit has taken the summary judgment decision and then, as a result of that, hasn't acted without authority to look ahead at the trial facts. And so if the argument is that we've forfeited a preemptive argument to the Sixth Circuit that it couldn't do this, frankly, very unorthodox approach, I don't think that that's a proper invocation of forfeiture, even regardless of the point about power. Ginsburg. Are you saying, then, that if we explain to the Fifth Circuit, to the Sixth Circuit that the record they must look at is the trial record, so it's different from summary judgment stage, if we told them that, then maybe they would look at the evidence differently, even though they purported to look at the trial evidence? Well, I think if that order were given, they would indeed do that, but I would still come back to the point that there's absolutely no basis on which they would have the authority to do that. And the point is, in the unitherm line of cases, that if you don't have a district court ruling on the very question, the question here of whether their conduct, as they say, crossed the constitutional line, you're circumventing the district court's role in the entire process. As this Court's explained repeatedly, a requisite of a court of appeals reviewing that evidence that went to the jury is that the district court first, who has the feel of the case, who saw the witnesses, who saw Respondent Bright on cross-examination, first have the opportunity in the judge's discretion to grant a new trial. So if you're right, then there has to be a remand to the Sixth Circuit with instructions to send the case back to the district court, to ask the district court what it, whether it thought the evidence was sufficient? I don't think so, Your Honor. I think that the best way to see this case is it's indeed a review of the summary judgment decision. That's the only decision by the district court that had to do with qualified immunity. The Sixth Circuit expressly invoked an exception to say we can review summary judgment after the trial because it's qualified immunity, and the Eighth Circuit said that's okay and we say that's okay. We're looking ahead at trial facts, and I think what this Court can and should conclude is that it's improper to review the summary judgment decision after trial because the facts have changed. Alitoso, and your argument is that where the district court denies summary judgment on a qualified immunity issue that is based even purely on an issue of law, there can't be a review unless that's renewed, there can't be appellate review unless that purely legal question is renewed in a Rule 50b motion. That's your argument? That is my argument with a couple of key pieces. First of all, they could, of course, take a collateral order appeal. But if they proceed to trial, and here's sort of the fundamental point about qualified immunity. Sure, there are purely legal questions in the qualified immunity inquiry. Was the right clearly established? But to enter judgment, to enter judgment, whether it's the district court or the court of appeals, that court must know what the conduct is. But what if the facts are utterly undisputed? There's a videotape of exactly what went on. Nobody has the slightest disagreement about the facts. The only question is whether the right was clearly established. And the district court rejects that at summary judgment. What benefit, what is the point of saying that the defendants have to raise that same issue again in a Rule 50b motion? It's utterly a pointless exercise. Well, it's certainly a less compelling case than this one where the facts indeed change, but I would say that it's not utterly pointless because the 50b motion still invokes all the protections that this Court's described, where the district court, who had the feel of the case, gets the first chance to consider whether a new trial should be granted. Kagan, and Mr. Mills, when Unitherm talks about the district court feeling the case and having a feel for the case, it's talking about having the feel of the case. It's talking about having a feel for the evidence and for the facts. The whole rationale of Unitherm is based on the evidence, the facts, not on purely legal questions. So suppose we disagree with you about the reach of Unitherm. Suppose we say Unitherm doesn't have any application to purely legal questions. What would that mean for your case? Which part of your claims were purely legal and which part were instead founded on the facts, in which case you would have a better Unitherm argument? It would still mean you'd have to reverse in this case, and I think in Justice Alito's hypothetical, perhaps, perhaps not. But in this case, as Respondents themselves say, the question here is actually very simple. It's whether their conduct crossed a constitutional line. And the point is that even in the qualified immunity inquiry, the question is does the conduct, and that's conduct in one way at summary judgment and another way at trial, does that conduct cross a clearly established constitutional line? Roberts. I don't understand, counsel, how your argument that in every case you need to know the facts, every qualified immunity case you need to know the facts, and those only come out after trial, is consistent with our recognizing that you can have a collateral order appeals denial of summary judgment. In other words, you can consider qualified immunity without knowing how the facts are going to come out at trial, which is why we allow you to have an appeal before trial. You're absolutely right. And at summary judgment, officers are entitled to invoke immunity and they're entitled to take that immediate appeal, and it's typically, well, required under Johnson v. Jones that it be what this Court's called a question of law. The defendants assume the facts against them, and they say to the court of appeals, maybe a purely legal question like this is clearly established or isn't clearly established. But to say whether that line is crossed, I mean, as recently as Iqbal, this Court explained. Roberts, so you're just saying your case, unqualified immunity, isn't like that case, is that all? Well, I'm saying it's like that case to the extent that the court still has to understand if it's going to enter judgment what the conduct was, even if it's looking at purely legal. Scalia, it doesn't have to know what it was. It assumes it to be what the plaintiff claims it was. That's right. At the summary judgment, you give the benefit of the doubt to the plaintiff. That's right. So there's always a factual element to the ruling. That's right. And I think that bolsters my point. There is always a factual element to the ruling. And so when you go to trial and you put on a trial that is all about Respondent's of their misconduct, then we're talking about a situation where the other one is going to be better. It's never going to be any better than what you assumed. It's never going to be any better for the plaintiff than what you assumed at the summary judgment stage. Your Honor, it actually was in this case. It actually was better at trial in this case for the plaintiff. Why was that? And it was one example I gave earlier. Ms. Ortiz, before trial, didn't have knowledge of what would have happened had Mrs. Jordan not violated prison procedures and immediately reported the first assault. On cross-examination, however, Mrs. Bright, at page 242 of the trial transcript, said the second assault, the violent assault, would have been precluded. Now, it seems to me, again reading the cold transcript, that's not the case. Sotomayor, I just finished, because if Ms. Jordan had reported the incident that she was required to, they would have put Ms. Ortiz in segregation automatically? Is that it? Not that they would have put her in segregation, but that they would have taken steps to separate her from the officer, whether that meant removing the officer from the location or putting her in another cell. The important piece of that is not only did it change from summary judgment to trial, the Sixth Circuit got it entirely wrong. But you have an obligation in opposing summary judgment to your list of disputed facts or facts that preclude summary judgment to put all that in. Then why didn't you put the point you're raising now in the opposition to summary judgment? That's not something Ms. Ortiz would have knowledge of. I know, but you prevailed on the summary judgment motion. There was a summary judgment motion, right? That's right. And it was denied. That's right. So we know that the district judge thought that at that point there was a case to be presented for trial based on the plaintiff's summary judgment. That's absolutely right. But you may prevail. You may have three different factual disputes that the other side is saying are undisputed. And the fact that you prevail on one doesn't mean that you didn't have an obligation to put in your opposition the others. Well, Your Honor, I just can't see how Ms. Ortiz would have an obligation to put in some fact that's outside of her knowledge and, frankly, something that came out when a Respondent caved in a bit on cross-examination. How would you put the rule about when you have to renew a motion? You move for summary judgment, can you say this? You've looked up the treatises and so forth. If the motion for summary judgment involves either a question of fact or a mixed question of fact in law, it has to be renewed. If it involves neither of the others, neither of those two things, but it's a pure question of law, not mixed, it doesn't have to be renewed. I think that's a fair way to state the fact. Is there any authority for that? I mean, is there any – that seems to be roughly what you're trying to argue, roughly. At least it seems to me a rule that would make sense. Is it that – what did you find related to that? It seems to me that must have been thought about before this minute. Not necessarily by you, but by somebody. Yes, indeed. I think it has been thought about. I think it's been thought about really by every circuit when they recognize the very basic principle that the real evidence of a case is the evidence at the trial. And what that means is that if the evidence at trial goes to the question at summary judgment, whatever that legal issue may be, it's illogical to ignore exactly what happened at trial and go back to summary judgment. Let's imagine nothing to do with qualified immunity. Yes. A bread-and-butter case. Yes. You can't appeal a denial motion for summary judgment. But there's a trial and the lawyer forgets to renew the motion. So sometimes he's lost it. I guess sometimes he hasn't. I would think he would have lost it if it's a mixed question of fact or law or if it's a pure question of fact that the answer turns on. I would think he hadn't lost it if, in fact, it's a pure question of law. But is that the basic Hornbook rule out of this context? Yes, I think it is. I think it is the basic Hornbook rule. I see my answer. And, Mr. Mills, if that were the basic Hornbook rule, your claims are all matters of fact or mixed questions of fact and law? Our claims are mixed questions of fact and law, yes. There are no purely legal issues. There are purely legal components to those inquiries. There's no doubt about it. Again, a purely legal question might be what is the constitutional right? Is it clearly a statute? Oh, that's what I'm asking. I'm asking is the questions that you have those sorts of questions or are they factual inquiries that would fall on the other side of Justice Breyer's line? At the end of the day, these are factual inquiries in which you have to understand the officer's conduct. All I'm saying is that the second component to establish immunity or anything else does include always a pure question about whether the right's clearly established. But there is no doubt that to assess whether that line has been crossed, you have to understand what the facts are. What's determining what is a mixed question is notoriously difficult. What about the situation where the ruling is assuming certain facts to be true, the right was not clearly established? Now, is the fact that certain facts are assumed to be true enough to make that a mixed question? Yes, it is, because that's a classic sufficiency challenge at Rule 50, to assume the facts. That's what Rule 50 requires, assume the facts against you after the verdicts come back, and now say, you know what, Your Honor, it was insufficient. I'd like to reserve my time. Thank you, counsel. Thank you. Mr. Mizer. Mr. Chief Justice, and may it please the Court. As I think the discussion has already demonstrated, Ms. Ortiz's question presented hinges on a false assumption. That assumption is that the Sixth Circuit was reviewing the summary judgment order as the final appealable order in this case. Except that it begins 2A, although courts normally do not review the denial of a summary judgment motion after trial on the merits, denial of summary judgment based on qualified immunity is an exception to this rule. And that's the opening, that sets the stage for what follows. Now, it may be that everybody, including the Sixth Circuit, misapprehended the rule because there are some cases that depend on an assessment of the record and some cases that don't, but that's not what the Sixth Circuit said. I think that the Sixth Circuit's word choice in the sentence that you just read was not perfectly clear. At the bottom of the page, it says, Well, Mr. Mizer, you asked for an appeal of the summary judgment motion, so they might have chosen their words based on your request. Actually, Your Honor, the summary judgment motion was only one of several orders listed in the notice of appeal. And the Sixth Circuit brief was very clearly couched as an appeal from the verdict, which at the bottom of the prior page of the Petition Appendix, from where Justice Kennedy just read, at the bottom of page 7a, the Sixth Circuit calls it an appeal from the jury verdict. And then the Sixth Circuit at Petition Appendix 2a and throughout its opinion refers to trial evidence. Ginsburg. But, Mr. Mizer, then you must concede that this opening sentence that Justice Kennedy just quoted is wrong. Courts normally don't review the denial of summary judgment motion after trial on merits. But when the summary judgment denial is based on qualified immunity, there's an exception. Mizer, I think that what the Sixth Circuit meant there was that the issue of qualified immunity raised at summary judgment was preserved. I don't think its word choice was perfectly clear, but I think other phrases in the Sixth Circuit's opinion make clearer that what it was doing was viewing the full trial record. Sotomayor, so that we should – I think what that means to me is that you really ignore whether it was raised at summary judgment. If you're going to look at the evidence at trial, what do we look at at trial to see that the claim of qualified immunity was preserved? It's a little illogical to say you're reviewing the summary judgment record when you're not. Well, and I don't think the Sixth Circuit was saying it was reviewing the summary judgment record, and that would have been not appropriate. What it was doing was looking at the whole record, and a legal issue doesn't have to be raised post-trial in order for it to have been added. Breyer, surely it has to be raised post-trial if your legal argument is, look at the facts. The facts of this case, as proved, do not support liability. I mean, I would have thought that was a classic instance where you do have to make the motion. That's the whole point of having to renew it. Am I wrong? Partly, yes, Your Honor. To the extent the argument is that there needed to be a 50B motion, that argument was that argument. Do you normally forget this case? What the lawyer says is, Judge, they're never going to be able to prove that my client crossed the intersection. Okay? We go to trial. At trial, he wants to say, we heard all the evidence now, and it doesn't show my client crossed the intersection, so not liable. Okay? Doesn't he have to renew it? In your hypothetical? Yes. Yes. Okay. Fine. Now, how is yours one bit different? Because what you're saying is that the evidence, when you look at it, will show the facts are such that there must have been qualified immunity under the law. The difference, Your Honor, is that this Court's case law concerning the Mitchell line of cases concerning collateral order appeals in the qualified immunity context divides qualified immunity claims into two halves. There are evidentiary sufficiency-based qualified immunity claims and there are legal claims. Yes, that is right, and I find it, in the context where that already matters, whether they're appealable as a collateral issue, already very difficult and complicated to sort out. Now, what you want us to do is take that difficulty and continue it on in terms of when you can appeal and when you can't. Some qualified immunity claims are purely legal, some are purely factual, some are in the middle. Wouldn't it be easier if we just said, here's the rule from now on, you've got to renew them all in a 50B motion, and that makes it a lot easier for the trial courts and the appellate courts to figure out when they have to — when they can consider it and when they can't. I understand your argument that it makes a difference. I think it's a good argument, because some don't depend on the facts. But going forward, it just creates an awful lot of difficulty that we don't need to buy into. Well, first of all, I think that because it is a difficult question, it should have been raised by Ms. Ortiz properly, and she hasn't raised the 50B argument properly. But even if the Court were to reach it, I think the clearer rule is to map the Johnson line onto the sufficiency of the evidence line, otherwise — for 50B motions, otherwise, then — Scalia The Johnson line isn't much of a map, is what the Chief Justice is suggesting. It's a mess. It's very hard to sort those things out. Why should we double the difficulty by bringing it in at the Rule 50 stage as well? Because the converse rule, Your Honor, would create even more difficulties. On Ms. Ortiz's — All you have to do, any lawyer going in knows he has to make the motion at the close of the evidence. What's the big deal? And, in fact, you did — you did move under 50A. This whole case is here because, apparently — well, what reason was it that you didn't make the 50B motion? You told the Court under 50A, after all the evidence was in, but before the case went to the jury, that the jury would not have a legally sufficient evidentiary basis to find for Ms. Ortiz. That was — that was your motion. You were saying, Court, there was no legally sufficient evidentiary basis. Evidentiary basis. That was the motion that you made, recognizing that the judgment — the question is whether there is a sufficient evidentiary basis. And that argument is a different species of argument than the argument on — than the — than the reasoning on which the Sixth Circuit resolved the case, which is, even assuming all the facts as given by Ms. Ortiz, and taking — treating those facts as uncontroverted, still there was not a violation of clearly established law. And under Johnson v. Jones and Mitchell, that is a different question than from the question on whether the conduct has been proven. As John — But then what you're saying is you didn't even — you didn't need to make the 50A motion, that that was just an unnecessary touching base with Rule 50A. Is that what you're saying? That is our position, yes, Your Honor, because a legal issue is adequately preserved once it's pressed and passed on in the district court, and to move for summary judgment on the issue is enough to preserve a legal claim, the legal claim being not that — that particular — that sufficient evidence exists to prove that particular conduct occurred, but rather that the — given all of that — that claim as — as assumed, still the Harlow line of objective legal reasonableness has not been crossed. Kennedy, I suppose there are some cases in which the failure of the Court to give a requested instruction preserves the issue. And perhaps 50B is not required there. Were there any instructions proffered and denied in this case that would have preserved the issue for appeal? There was a requested instruction regarding qualified immunity, yes, and it was not given. We're not arguing that that was— What was that instruction? The instruction was about the objective legal reasonableness standard under Harlow. I actually don't think that that request was proffered. Do you have a cite to the record? I don't have a cite to the record at the moment. But the point is that actually that instruction wasn't proper, because the jury doesn't resolve the Harlow objective legal reasonableness question. Instead, the jury resolves the disputed facts, and then the Court takes those facts as a given for purposes of the Harlow question. And in this case, I think there's an example of this distinction. There was very much disputed at trial the question of whether Ms. Ortiz told Ms. Jordan the name of the guard who had assaulted her. And that fact was disputed at trial. We didn't move for 50B over that factual dispute, and so we couldn't appeal on that question. But what we did appeal was that taking that fact as assumed for purposes of the qualified immunity question, still qualified immunity was warranted. Could you explain to me why you made a 50A motion? Why did you — was there a reason for making the 50A motion and not following it up with a 50B motion? I am not aware of a reason, Your Honor. But at pages 4 to 5 of the joint appendix, I think it's clear that there were two different types of arguments being made at the 50A stage. One argument was a dispute over facts. The other argument was even if we don't dispute those facts, still Ms. Ortiz's arguments haven't shown a constitutional violation. How could you – It's very clear from Rule 50 that 50A and 50B go together. And the explanation, as I indicated when Petitioner's counsel was speaking, is the reexamination clause of the Seventh Amendment. So I think every first-year procedure student learns 50A, 50B go together, and there is a historic reason why you must back up a 50A motion with a 50B motion. They're not – they all ask the same question. The Rule 56, the Rule 50, 50B, they all ask, is there sufficient evidence to warrant a jury finding, whatever. They all ask that, but they ask it on the basis of a different record, the summary judgment record, the trial record, and the jury verdict. But still, Your Honor, I think the question of whether particular conduct has been proven is a sufficiency question, and that differs in nature from the question of whether taking that proven conduct as a given, assuming it to be true, without questioning the correctness of the plaintiff's version of facts, that the – then the Harlow question is a separate question. Ginsburg. Do you know of any case holding that you don't have to couple a 50A motion with a 50B motion, depending upon what's in your 50A motion? I am not aware of any case, no, although I am aware of cases, including the K&T Enterprises case from the Seventh – or, sorry, from the Sixth Circuit that we cite in our brief, which says that legal claims, purely legal claims, may be raised in judgment as a matter of law motions under either 50A or 50B, but that 50B is not required with respect to those motions. And so the 50A motion here was a belt and suspenders' effort, but it wasn't legally required because of the – Could you articulate for me the line that you see between assuming all of the facts and it's not enough as a matter of law and a sufficiency claim? And let's break out the two claims, one against Ms. Jordan, one against Ms. Bright. On the due process claim against Ms. Bright, there are two prongs, I think, to your argument. One is that as a matter of law under Sandin, putting her in solitary confinement did not violate any constitutional right. And then there's she didn't retaliate part of your claim. The two seemed mixed up to me below, and I thought in reading your submissions to the district court you were saying that if she retaliated in putting her in segregated confinement, it doesn't matter whether there's a Sandin violation or not. She couldn't do the retaliatory act. Is that correct? The Sixth Circuit held in this case that the retaliation claim is a different claim from the due process claim, that it would be based on the First Amendment or some other amendment. I'm trying to separate out your argument, however. What is your position on this question? Our position is that the Sixth Circuit got it right, and Ms. Ortiz hasn't appealed to this Court on that holding, that as a matter of law under Sandin, placing an individual in segregated confinement does not amount to a due process violation vis-a-vis the ordinary conditions of prison confinement. I also have an answer, Justice Sotomayor, to your question about the jury instruction request. It's in document 84 in the district court record. When you refer to Sandin, there are some extra things about the confinement here. She was shackled, she was ill, and nobody attended to her? The medical treatment claims were dismissed by the district court at summary judgment because Ms. Bright did not participate and did not have any knowledge of it. Well, on the question of whether this treatment was punitive rather than just protective custody. And again, on the question of punitiveness, the Sixth Circuit held that that was not preserved, that claim was not preserved by Ms. Ortiz, and she has not petitioned to this Court for review of that holding by the Sixth Circuit. And so the only question is the square Sandin question of whether segregated confinement is an atypical and significant hardship vis-a-vis the routine conditions of prison confinement. Ginsburg's question was, wouldn't it be this, the segregated confinement in this case, not at large? The again, the Sixth Circuit's holding was that Sandin answered that question as a matter of clearly established law. And since Ms. Ortiz hasn't petitioned for review of the merits of that question, I'm not sure how it's presented to this Court. Mr. Miser, is it your understanding that the unitherm was based on Seventh Amendment considerations, or was it based on prior decisions that in turn were grounded on considerations of fairness to the verdict winner, namely the opportunity when a motion for judgment as a matter of law is made after the verdict to move for a new trial? Miser, I think unitherm was more squarely the latter, although the Court did refer to the Seventh Amendment in responding to Justice Stevens' dissent. And the Seventh Amendment concerns I don't think are implicated here, because it is well-established that legal claims like qualified immunity are not for the jury to resolve. And so taking the case away from that. Ginsburg. You're saying the category, the mixed claim, and Justice Breyer proposed if it's a purely legal claim, then you're right. If it's a mixed claim, then you're wrong. And I think those categorizations are fairly slippery and would be difficult to apply, as I think the Chief Justice suggested. And so the guidance that's clearer is the guidance that already exists from Johnson v. Jones, which is that there are two types of qualified immunity claims. And if you're assuming the facts to be true, as the plaintiff posits them, and you're not controverting particular conduct, then you're in the legal ground. Kennedy. One way to make the formulation work is to say whether or not the issue depends on an assessment of the record. Well, qualified immunity is always going to be an application of clearly established law to fact. And Mitchell notes that there will be some sort of question. Well, but we've been through this. I think it was Justice Alito who gave the hypothetical. Suppose everybody agrees on what happens. The question is whether or not the right is clearly established. And that is this case. That's a pure issue of law. As this Court has called it, that's correct, and that is this case. How is that? Is it this case, Mr. Mizer? Kagan. Take the deliberate indifference claim. The question is whether the conduct amounted to deliberate indifference. Why is that any different from asking whether a particular kind of conduct amounted to negligence, which in a previous case this Court said you did have to make 50B, a 50B motion, in order to preserve? That was in the Johnson v. New York case. Mizer, Your Honor, because the prong of the analysis in the deliberate indifference conduct that the Sixth Circuit was looking at was the objective prong of whether or not the response was reasonable. So assuming all of the worst of Ms. Jordan's intent, as proven by the trial record, and assuming the worst of what she did or didn't do, still her response was, as a legal matter, objectively reasonable, and that was the Sixth Circuit's holding. And so, therefore, because that's a legal inquiry, there was no 50B requirement, even if Ms. Ortiz had preserved her 50B argument. The Ms. Ortiz has also posited that a collateral order appeal is a requirement in order to preserve a qualified immunity claim. That argument is clearly foreclosed not only by the broad agreement among the circuits, but also by this Court's decision in United States v. Harvard. Breyer, when you go back, you're the one who's read these cases pretty thoroughly. As I looked at it, 50 with incomplete knowledge, I would have thought Justice Ginsburg's statement of it is basically right. What Rule 50 is about is sufficiency of the evidence. And 50A involves we're saying it won't be sufficient, and 50B involves it wasn't sufficient. Then you could have the Chief Justice's rule. It would work perfectly. But apparently there's a Second Circuit case and some things in the treatises that says sometimes Rule 50A is being used for some other purpose. And that's what seems to be going wrong. Like if you have a pure question of law, you ought to be outside 50A. You ought to be doing some other thing. You know, a question like was there collateral estoppel that means that he couldn't say he was a policeman, because they litigated this 4 months ago. That's a pure question of law. So what are these cases and that exception in the treatise about? What are they thinking of? What kinds of instances do they think come under 50A that aren't sufficiency of the evidence? The courts have said that you can raise in a judgment as a matter of law motion legal arguments like the statute of limitations, collateral estoppel, preemption. Very often those rules are used. Breyer. Okay. Suppose we could say this, that when a lawyer uses 50A to make the kind of motion that does not involve sufficiency of the evidence, but rather in fact could be made without 50A, under those circumstances he doesn't have to say 50B. How would that work? That would work just fine from our perspective, Your Honor. I don't know it would work fine, because it seems to me you have a lot of sufficiency of the evidence thing, but that's another question. The question is, excuse me, why do you seem to concede that 50A only applies to evidentiary stuff? I mean, the way it reads is if during a trial by jury a party has been fully heard and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, well, if it's as a matter of law, no amount of evidence would ever allow a jury verdict in that direction, surely that falls within A. And that's a no evidence has nothing to do with it. No matter what the evidence is, this is simply a matter of law, no jury, no reasonable jury could find for that party on that issue. I don't read this as being purely a provision governing whether there is enough evidence in an area where there is no absolute rule of law. I think it applies to the absolute rule of law as well. If Rule 50B, Rule 50A and 50B motions were required for all matters of law, then that would change the Hornbook understanding of what 50B is about. It would expand the uniform requirement in ways that it hasn't been applied before, and it would turn Rule 50B motions into a clearinghouse for anything that must be raised that's going to be raised on appeal. Sotomayor, that's what the Chief Justice asked you earlier. Why is that such a horrible thing? Your Honor, because it would radically change the way that 50B is currently treated by parties. For example, in the Southern District of Ohio where this case is. Sotomayor, I'm not sure that answers the question. Isn't it better for the court of appeals to know a district court's opinion on every issue that's going to come up on appeal? And wouldn't our announcement of a rule that whether it's an issue of law or fact, it has to be renewed under 50B, so everybody is on the same page as to what's going to be heard on appeal. Why is that a bad rule? Why would that be a bad outcome as a matter of rule? Because, Your Honor, the Rule 50B motions would then become miniature, or not even miniature, full-blown appellate briefs. And the rule in the Southern District of Ohio at the moment, for example, is that 50B motions are 20 pages long. The answer is it's a pointless gotcha rule. Isn't that the answer? If it's a pure issue of law and the district court has already said, I ruled on this on summary judgment, don't bother me with this again, and we're going to say, well, you still have to raise it in a 50B motion, what that would be, that's, there's no point. We might as well say that the lawyer has to stand on his head when the motion is made or jump up and down three times. That's correct, Your Honor. In the current rule, the point would be that, therefore, you don't have to sort out whether there is any factual content to this issue. You don't have to sort out what's a pure question of law and what is a mixed question of law and fact, which is always very difficult. What's the big deal? Make the motion. Because, Your Honor, the district courts have never insisted, nor do the rules insist, that the district courts get multiple cracks at a legal question. And that parties do not have to be in the same room. Ginsburg. But that's the purpose of 50, this 50B. Justice Alito brought out that it's not simply the historical background of the Seventh Amendment. But in that same line of cases, the Court gave a practical reason, and the practical reason related to the district court, that if the motion is made after the jury comes in, the district judge would have the opportunity to exercise her discretion to grant a new trial. Let's take, is it Ms. Bright? The Sixth Circuit said that, well, maybe there could have been a retaliation claim, but the plaintiff didn't make it. The district judge, given the chance, might have said, I would exercise my discretion to allow the plaintiff to have a new trial on this retaliation claim. I thought it was before the Court, and it was a good claim. The Sixth Circuit thought it wasn't. I mean, the purpose is to get the district judge into the picture, to exercise the district judge's discretion on the very question. But if a claim is not in a case, Your Honor, then there's no discretion as to whether or not to give it to the jury. And so just as the qualified immunity question doesn't belong with the jury, so too a claim that hasn't been adequately pressed doesn't go to the jury. And so we're not talking about questions that should and can be resolved by the jury. We're talking about legal claims that the jury has no business deciding. Breyer's case, anyway, is a case, judging from what they wrote, which I'm back to where I started, the mixed questions and the fact-based questions, you really have to renew your motion. And reading their opinion, it seems to me it's filled with determinations of fact. They're reviewing what the jury did and could have found, and on the basis of what they could have found, they say you're not entitled to or you are entitled to qualified immunity. So this would seem like a Hornbook case where you have to make the motion, and if you have to make the motion, you didn't. And if you didn't, you don't go back and review the facts as the motion on the basis of the facts as they were before the trial. End of matter. What's wrong with that? I would disagree with the characterization of the Sixth Circuit's opinion as resolving factual questions, because on the contrary, it makes sense. No, no. I mean, they went on the jury's resolution of the facts. That's correct. And so it's the analogy. For that reason, they can't take the facts as they were in your motion for summary judgment. They have to take them on the basis of they can't just go back and review it on the other. Yeah. And that goes to show, Your Honor, that the Sixth Circuit wasn't doing what Ms. Ortiz has posited, which is that they were reviewing the summary judgment record order. Well, Mr. Meisler, suppose that they were. Suppose that they committed an error in that respect and that they thought that they were reviewing the summary judgment order and not the final judgment. If that's what they thought, would you agree that they had no jurisdiction at that point to take that appeal because the 30 days had run? Yes. Then it would be like a late collateral order appeal. So your position is rest, is dependent on our finding that the Sixth Circuit was reviewing a final judgment order, which was not what the Sixth Circuit, in fact, said it was doing. Again, I would disagree that that's what the Sixth Circuit said, because of the language at the bottom of page 7a of the Petition Appendix, where they clearly say that it's an appeal from the verdict. And so because it's demonstrably not true that they were treating the summary judgment order as the final appealable order here, the question presented by Ms. Ortiz is not actually presented by this case. And the further arguments that a 50B motion was required here under Unitherm were never made in the Sixth Circuit and not made in her opening cert petition. And so that argument also is not presented by this case. And so I think the clearer resolution is to dismiss the case as improvidently granted. But if the Court were inclined to the view that the merits should be reached, then the clear rule that we posit resolves the case, which is that orders made by the district court along the way in the course of a district court proceeding are adequately preserved for appellate review from the final judgment once they're pressed and passed on below. If there are no further questions. Kennedy, I didn't hear your last point. Are adequately preserved when? Once they are pressed and passed on by the district court. And the qualified immunity claim here was pressed and passed on. So you're saying that if there's anything in the record of the trial that indicates that the judge ruled on the issue, there need not be a 50B motion? That's correct, Your Honor. And the lower courts, I think, are well equipped to assess whether or not an issue has adequately been pressed and passed on in the district court. That's been the settled rule of appellate reviewability, and I don't think that it should be changed by imposing a Rule 50B requirement for anything other than a sufficiency of the evidence motion. Yeah, I just want to be clear. Your answer to Justice Kennedy had the caveat that, except for the issue we addressed in Unitherm. That's correct. Okay. If there are no further questions, we ask you to affirm the Sixth Circuit. Thank you. Thank you, counsel. Mr. Mills, you have three minutes remaining. Thank you. The one thing that's important about the Sixth Circuit's language when it said it was reviewing summary judgment, the single decision it cited was the Eighth Circuit's decision in Goff v. Byes. Now, in that decision, the Eighth Circuit said, yeah, we can review this after trial, even though it was summary judgment, because it's qualified immunity. But the Eighth Circuit actually ignored the trial evidence. It actually did this seemingly illogical step of just looking at the summary judgment evidence as is. Now, I think what that shows is the Sixth Circuit was definitely reviewing summary judgment, but it implicitly, at least, recognized that would be entirely illogical. So it tied its decision to the only decision by the district court on qualified immunity, summary judgment, and said, we've got to look at what really happened in this case, and so they looked ahead. Now, the reason the question is adequately presented is because I think the Sixth Circuit, about Unitherm and whether this was a quasi-50-A review, is the one of the precise reasons the Sixth Circuit hinged its decision on summary judgment. I think it was quite aware that an appellate court, since at least 1947 in Cone, cannot review the sufficiency of the evidence at trial and overturn the jury's verdict. And so the Sixth Circuit said, wait a second, we can look to the summary judgment   that you want us to adopt to answer the question presented. You asked us to take cert on a question presented. What's the answer you want us to give on the question presented? Yes. The answer is that a party may not appeal the denial of summary judgment after trial. In no circumstance? I would say that the clearest rule is to say in no circumstances. That's the position of the Fourth Circuit. You say, if you want to challenge a judgment, simply make your motion. But I would add that whichever way this Court goes, the decision here has to be reversed because there's no doubt that the legal issue of qualified immunity at summary judgment depended entirely on the officer's conduct at trial. Roberts. So your rule in response to Justice Sotomayor would basically require anyone who has an assertion of qualified immunity to take their collateral appeal or interlocutory appeal? It would only require it, Your Honor, to the extent that they wish to challenge that decision on the summary judgment record. I'm not at all suggesting that that appeal is required to preserve the issue of immunity. It's easily preserved. But to the extent a trial occurs on the officer's conduct and the officers want to say, wait a second, we're still immune. That evidence, even at trial, is insufficient for liability. You've got the right to preserve your immunity issue, but you have to have the district court consider the question. So they're put to a choice whether or not their qualified immunity claim rests entirely on law or might turn out, as you say it did in your case, to have some factual aspect. That's right. Well, that's kind of a tough choice to put them to, isn't it? Well, they have an absolute right to take that immediate appeal, and they chose not to. So they have to take the immediate appeal, and when they do so, they lose the right to appeal at the end? No, they do not. Well, why is that? They do not, because if they lose the appeal and they go to trial, you've got a new case, you've got — I shouldn't say a new case. You've got new evidence of conduct. And so there's no loss of the issue of immunity. It's just that it turns on the facts from the trial. You've assumed all the evidence in their favor at the summary judgment stage. Yes. So you really think that this is a realistic scenario where there's going to be even more evidence against them than — I mean, you're assuming the evidence against them. There's going to be even more evidence against them than they assumed at the summary judgment? That's not going to happen very often. It happened here. Thank you, counsel. Thank you very much. The case is submitted.